## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
RICHARD C. SIPAN, BAR NO. 3155.

No. 69439

**FILED**

FEB 19 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

### *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Richard C. Sipan.

Under the conditional guilty plea agreement, Sipan admits to a total of 136 violations of the Rules of Professional Conduct stemming from 15 grievances: RPC 1.3 (diligence) (15 violations); RPC 1.4 (communication) (15 violations); RPC 1.5 (fees) (15 violations); RPC 1.15 (safekeeping property) (15 violations); RPC 5.3 (responsibilities regarding non-lawyer assistants) (15 violations); RPC 5.4 (professional independence of a lawyer) (15 violations); RPC 5.5 (unauthorized practice of law) (15 violations); RPC 7.1(b) (communications concerning a lawyer's services) (15 violations); RPC 8.1(b) (bar admission and disciplinary matters) (1 violation); and RPC 8.4 (misconduct) (15 violations). The admitted violations stem from Sipan's involvement with a business enterprise that advertised nationally as a law firm specializing in real estate law but was a telemarketing operation that used a deceptive mailer, designed to look

16-05373

like a bank or government notice, to entice consumers to call and receive a promised restructure loan and Sipan's lack of supervision or control over non-lawyer employees and client money, resulting in significant harm to clients.

The stated form of discipline in the conditional guilty plea agreement provides for a four-year suspension, retroactive to January 6, 2015, and for Sipan to pay the costs of the disciplinary proceeding, excluding Bar Counsel and staff salaries, within 90 days of receipt of a billing from the State Bar. The agreed-upon discipline takes into account five aggravating factors (dishonest or selfish motive, pattern of misconduct, multiple offenses, vulnerability of victim, and substantial experience in the practice of law) and four mitigating factors (absence of prior disciplinary record, personal or emotional problems, cooperative attitude toward proceeding, and character or reputation).

Based on our review of the record, we conclude that the agreed-upon discipline is sufficient in relation to Sipan's admitted conduct and is appropriate. *See In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008) (explaining that in determining the appropriate discipline, four factors must be weighed: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors"); *State Bar of Nev v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining that the purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney). We therefore conclude that the guilty plea agreement should be approved. *See* SCR 113(1). We hereby impose a four-year suspension,

retroactive to January 6, 2015. Additionally, Sipan shall pay the costs of the disciplinary proceedings, excluding Bar Counsel and staff salaries, within 90 days of receipt of the State Bar's bill of costs. *See* SCR 120. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Chair, Southern Nevada Disciplinary Board
Richard C. Sipan
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, U.S. Supreme Court Admissions Office